[*Special Term*, 1870.]

## CUNENT & HIBLER *v.* A. L. THOMPSON.

One of several co-sureties on a sheriff's official bond, who has been compelled to pay a judgment recovered against him for the breach of duty by the sheriff, may maintain an action against the sheriff as principal for the whole amount paid by him, and against his co-sureties for a contribution in the same suit; and his petition is not demurrable on that account. He may, at his option, however, sue the sheriff and his co-sureties in separate actions.

TAFT, J. The plaintiffs were sureties of A. L. Thompson, sheriff. He violated the bond and the plaintiffs were compelled to pay on the bond $7,285.63. This suit is brought against Thompson, the principal, to recover the money, and against the other defendants, Rachel Thurston and William A. Thurston, as co-sureties to enforce a contribution. The demurrer is placed upon the ground of a misjoinder of causes of action. It is insisted that a recovery can not be had against the sheriff and co-sureties in the same action.

It is claimed for the plaintiff that in section 38 of the Code, "persons severally liable upon the same obligation or indorsement, may all, or any of them, be included in the same action at the option of the plaintiff." By 12 Ohio St. 293, a misjoinder of parties is not a ground of demurrer, but a defect of parties only. "One party can not demur because another has been joined with him as defendant."

The liability of the co-sureties is several. 1 Parsons on Contracts, 35, and cases cited. By section 35 of the Code, "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question therein."

All these parties, defendant, are interested against the plaintiff, although their respective interests are not the same. The liabilities of the co-sureties are several, among themselves, and that of the principal is several. But they are all liable to the plaintiffs, and the liability of each and every one of them grows out of the same cause, viz: the payment by the plaintiffs of the obligation of the sheriff.

Upon a fair construction of section 38 of the Code, it seems to me that these defendants may all be made parties, although the plaintiff might have prosecuted his suit against the co-sureties and against the sheriff separately.

And by the act of March 19, 1868, S. & S. 744, they might avail themselves of the judgment of the creditor against the sheriff by subrogation.

On the whole, however, I conclude to overrule the demurrer, and let the plaintiff maintain his action against all the parties in interest whom he has chosen to include. He has left out one of the co-sureties, viz: Jacob Duncan, who is a non-resident. It is usual to make non-residents parties under such circumstances, and let the summons be returned not found as to them where they can not be served. But by section 38 of the Code, it is optional with the plaintiff whether to include all or part of such defendants.